968 So.2d 727 (2007)
STATE of Louisiana
v.
Clay MONTZ, et al.
No. 2007-K-0653.
Supreme Court of Louisiana.
November 21, 2007.
PER CURIAM.
Granted. The judgment of the court of appeal is vacated and the ruling of the district court is reinstated. The trial court's ruling on a motion to change venue "is a question addressed to the court's sound discretion which will not be disturbed on appeal absent an affirmative showing of error and abuse of discretion." State v. Wilson, 467 So.2d 503, 512 (La. 1985). We find no abuse of discretion or manifest error in the trial court's ruling. See State v. McKnight, 95-1486, p. 7 (La. App. 1st Cir.12/15/95), 665 So.2d 768, 773 (reversing trial court's grant of motion to change venue; in the absence of a mock voir dire or an actual voir dire examination, defendant failed to show actual prejudice in the collective mind of the community on the basis of a survey conducted of 30 persons); rev'd 96-0176 (La.4/19/96), 671 So.2d 933-34 (reinstating order changing venue; no manifest error or abuse of discretion apparent in trial court's ruling).
JOHNSON, J., concurs and assigns reasons:
JOHNSON, J., concurring.
LSA-C. Cr. P. art. 622 provides, in pertinent part:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
A defendant must prove more than mere public general knowledge or familiarity with the facts of the case to be entitled to have his trial moved to another parish. State v. Frank, 99-0553, p. 16 (La.1/17/01), 803 So.2d 1, 16 (no "bright line test for determining the degree of prejudice existing in the collective mind of the community *728 . . . the defendant must show the extent of prejudice in the minds of the community as a result of such knowledge or exposure to the case before trial"); State v. George, 37,492, 10 (La.App.2d Cir.9/24/03), 855 So.2d 861, 870 (defendant not entitled to a jury entirely ignorant of case and cannot prevail on a motion for change of venue merely by showing a general level of public awareness about the crime); State v. Huls, 95-0541, p. 14 (La.App. 1st Cir.5/29/96), 676 So.2d 160, 171 (defendant was not entitled to change of venue of murder trial based on pretrial publicity, when thorough voir dire of prospective jurors was conducted, most jurors were questioned individually about their exposure to publicity, and all prospective jurors who could not make unbiased judgment based on their exposure to pretrial publicity and their inability to set aside that information were excused).
The defendant bears the burden of showing actual prejudice. State v. Vaccaro, 411 So.2d 415, 423-24 (La.1982). Whether a defendant has made the requisite showing of actual prejudice is a question addressed to the trial court's sound discretion, which will not be disturbed on appeal absent an affirmative showing of error and abuse of discretion.
Our jurisprudence is replete with instances where despite high exposure to publicity before the trial, the trial judge denied the motion for change of venue and such denial did not result in reversible error for the failure to change venue. In State v. Frank, 99-0553, pp. 16-17 (La.1/17/01), 803 So.2d 1, 16-17, voir dire demonstrated that 110 out of 113 venire members (97%) had been exposed to some publicity surrounding the case, and 89% of the prospective jurors indicated they had been exposed to information about the case on more than one occasion or from multiple sources. See also Hoffman, 98-3118 at p. 9, 768 So.2d 542, cert. denied, 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000);[ 72 out of 90 prospective jurors (80%) had awareness of the case before trial]; State v. Connolly, 96-1680, p. 5 (La.7/1/97), 700 So.2d 810, 815[although 120 out of 139 potential jurors (86.33%) possessed some knowledge about the crime, most had only a vague recollection of the surrounding facts].
In this case, the trial court granted the pre-trial motion to change venue. Defendants introduced into evidence over 140 articles published or broadcast between January and August 2005, concerning the death of Levon Jones, a student athlete at Club Razzo in New Orleans, Louisiana.[1] At the hearing on the motion to change venue, the defendants presented the testimony of their pollster, Joe Walker, who testified that based on two polls he conducted in the Summer of 2005 (pre-Hurricane Katrina) and one taken in February 2006, the results revealed that 98% of those polled were familiar with the facts of the case. Usually, we rely on voir dire examination of prospective jurors to establish whether jurors can lay aside their impressions or opinions and render a verdict based on the evidence presented in court. There seems to not be a bright line rule to give trial courts guidance as to when the motion for change of venue must be decided. The result is that the defendant *729 who is required to wait for voir dire examination before winning a change of venue, is prejudiced when compared to the defendant who won the change of venue, pre-trial.
NOTES
[1] On December 31, 2004, Levon Jones, an African-American college student from Georgia was celebrating New Years Eve on Bourbon Street with a group of friends and family members. The group was denied admission to Razzoo's Bar, purportedly because of a dress code violation by one of the group members. During an ensuing scuffle, Jones was fatally injured by the bar's security personnel (a/k/a "bouncers") stationed at the barroom entrance. Several bystanders videotaped the incident and those videotapes subsequently were shown in the television coverage of the student's death.